OSBORNE & CLARK LUMBER CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 10493.     Promulgated September 29, 1927.

Amounts paid to the president of the petitioner corporation as additional compensation during the years 1919 and 1920 *held* to be deductible from gross income.

*W. Yale Smiley, Esq.,* and *Harry Harper, C. P. A.,* for the petitioner.
*J. Harry Byrne, Esq.,* for the respondent.

This is a proceeding for the redetermination of deficiencies in income and profits tax for the calendar years 1919 and 1920 in the respective amounts of $1,369.50 and $2,375.86. All issues in the proceeding have been waived except that with respect to the disallowance by the Commissioner of additional amounts paid as compensation to the president in 1919 and 1920.

### FINDINGS OF FACT.

The petitioner is a Minnesota corporation with its principal office at Minneapolis. It is engaged in the hardwood lumber business with an authorized capital stock in 1919 and 1920 of $150,000, of which approximately $52,000 capital stock was outstanding. Of this amount D. F. Clark, president of the corporation, owned $50,000 and his wife and son the balance. Immediately prior to 1919 the president had been receiving a salary of $10,000 per annum. By reason of the increase in the cost of living and of the fact that Clark was performing services which were formerly performed by him and another it was decided by the stockholders and directors in 1919 that Clark should receive increased compensation. The amount of such compensation was to be the difference between the market price of hardwood lumber and the price at which Clark was enabled to buy it for the corporation by reason of certain friendly connections and

of his knowledge of the hardwood lumber market. This differential was charged on the petitioner's books of account as part of the purchase price of the lumber and Clark was credited with the difference. The amounts of the credits in 1919 and 1920 were $3,032.63 and $4,574.79, respectively. These amounts were claimed as deductions from gross income in income-tax returns of the corporation for the taxable years. The deductions were disallowed by the respondent.

In his original individual income-tax returns Clark, through mistake, reported as his compensation from the corporation only the amount of $10,000. He later filed amended individual income-tax returns reporting as his compensation for the year 1919 the amount of $13,032.63 and for 1920 $14,574.79.

A copy of the deficiency notice attached to the petition shows that the net income reported by petitioner on an amended return for 1919 was $14,515.36, and for 1920 was $9,671.59, which, by adjustments not here in issue, were increased by the Commissioner to $19,135.36 and $14,186.07. These net incomes were after the deduction from gross income of the full amounts claimed as compensation by Clark.

### OPINION.

Smith. The only question before us is the reasonableness of the amounts of compensation paid to Clark, the president of the petitioner corporation, in the years 1919 and 1920. These amounts aggregated $13,032.63 and $14,574.79 for the taxable years, respectively.

In the light of the evidence we are of the opinion that they constituted only reasonable amounts for compensation. The fact that these amounts were not classified on the books as salaries is immaterial. They were paid as compensation for services.

> *Judgment will be entered on 15 days' notice, under Rule 50.*

Considered by Littleton and Love.